IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOSEPH COLUCCI,<br><br>                Petitioner,<br><br>v.<br><br>STATE OF UTAH,<br><br>                Respondent. | **MEMORANDUM DECISION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Case No. 2:25-cv-222-TC<br><br>Judge Tena Campbell |

On March 20, 2025, Petitioner Joseph Colucci filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) Mr. Colucci also filed a motion for leave to proceed in forma pauperis and asked the court to waive the $5.00 filing fee. (ECF No. 2.) The court denied that request on April 7, 2025, and ordered Mr. Colucci to pay the filing fee within 30 days. (See Order, Apr. 7, 2025, ECF No. 4.) Mr. Colucci then submitted a letter that included a copy of an authorization for a money transfer of $5.00 that he appears to have filed with the Utah Department of Corrections on April 10, 2025. (See ECF No. 5 at 2.) But because court records never reflected that the court had received those funds, the court issued an order to show cause why this action should not be dismissed in which the court ordered Mr. Colucci to file a status report within 30 days explaining whether the filing fee had been paid. (See Order, May 21, 2025, ECF No. 7.) Mr. Colucci did not respond to that order. Indeed, it appears that Mr. Colucci has been discharged from the Utah State Correctional Facility, as the court's mail was returned with a message that there was no forwarding address. (See ECF No. 8.)

For the following reasons, the court now dismisses this action for failure to prosecute.

## ANALYSIS

Federal Rule of Civil Procedure 41(b) allows involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with … a court order." Fed. R. Civ. P. 41(b). The court may dismiss actions sua sponte for failure to prosecute. Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (stating that although Rule 41(b) requires a defendant to file a motion to dismiss, the rule has long been construed to let courts dismiss actions sua sponte when a plaintiff fails to prosecute or comply with orders); see also Link v. Wabash R.R. Co., 370 U.S. 626, 630 (stating that court has inherent authority to clear "calendar[] of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); Bills v. United States, 857 F.2d 1404, 1405 (10th Cir. 1988) (recognizing dismissal for failure to prosecute as "standard" way to clear "deadwood from the courts' calendars" when there is a prolonged and unexcused delay by plaintiff).

Generally, "a district court may, without abusing its discretion, [dismiss a case without prejudice] without attention to any particular procedures." Nasious v. Two Unknown B.I.C.E. Agents at Arapahoe Cnty. Justice Ctr., 492 F.3d 1158, 1162 (10th Cir. 2007). But a dismissal without prejudice is effectively a dismissal with prejudice if the statute of limitations has expired on the dismissed claims. Gocolay v. N.M. Fed. Sav. & Loan Ass'n, 968 F.2d 1017, 1021 (10th Cir. 1992). For purposes of this order only, the court assumes the statute of limitations has expired on Mr. Colucci's claims if he were to refile them after dismissal.

When the dismissal is effectively with prejudice, this court applies the factors from Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992)—namely, "(1) the degree of actual prejudice to [Defendant]"; (2) "the amount of interference with the judicial process"; (3) the

litigant's culpability; (4) whether the court warned the noncomplying litigant that dismissal of the action was a likely sanction; and (5) "the efficacy of lesser sanctions." Id. at 921 (cleaned up). Dismissal with prejudice is proper only when these factors outweigh the judicial system's strong preference to decide cases on the merits. DeBardeleben v. Quinlan, 937 F.2d 502, 504 (10th Cir. 1991). The Ehrenhaus factors are not "a rigid test; rather, they represent criteria for the district court to consider [before] imposing dismissal as a sanction." Ehrenhaus, 965 F.2d at 921; see also Lee v. Max Int'l, LLC, 638 F.3d 1318, 1323 (10th Cir. 2011) ("The Ehrenhaus factors are simply a non-exclusive list of sometimes-helpful 'criteria' or guideposts the district court may wish to 'consider' in the exercise of what must always be a discretionary function."); Chavez v. City of Albuquerque, 402 F.3d 1039, 1044 (10th Cir. 2005) (describing Ehrenhaus factors as "not exhaustive, nor … equiponderant"); Archibeque v. Atchison, Topeka & Santa Fe Ry. Co., 70 F.3d 1172, 1174 (10th Cir. 1995) ("[D]etermining the correct sanction is a fact specific inquiry that the district court is in the best position to make.").

The court now considers the factors as follows:

### A.     Degree of actual prejudice to the Defendant

Prejudice may be inferred from delay, uncertainty, and rising attorney's fees. Faircloth v. Hickenlooper, 758 F. App'x 659, 662 (10th Cir. 2018); Jones v. Thompson, 996 F.2d 261, 264 (10th Cir. 1993); see also Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n, 886 F.3d 852, 860 (10th Cir. 2018) (finding substantial prejudice when plaintiff "sparked months of litigation" and defendants "wasted eight months of litigation"); Riviera Drilling & Exploration Co. v. Gunnison Energy Corp., 412 F. App'x 89, 93 (10th Cir. 2011) (approving district court's

3

observation that "delay would 'prolong for the defendants the substantial uncertainty faced by all parties pending litigation'" (citation omitted)).

Reviewing this case's docket, the court concludes that Mr. Colucci's failure to provide a forwarding address effectively renders the case impossible to litigate, which prevents the Defendant from responding to Mr. Colucci's claims. This factor weighs in favor of dismissal.

### B. Amount of interference with the judicial process

In Jones, the Tenth Circuit concluded that the plaintiff had significantly interfered with the judicial process when he failed to answer a show-cause order or join a telephone conference. Jones, 996 F.2d at 265. Though the plaintiff later argued that the district court could have abated the suit and revisited the status in three to six months, the court noted that abeyance would have delayed the proceedings for the other parties and the court. Id. The court said: "In similar circumstances, we have held that a district court could find interference with the judicial process when the plaintiff 'repeatedly ignore[s] court orders and thereby hinder[s] the court's management of its docket and its efforts to avoid unnecessary burdens on the court and the opposing party.'" Id. (citation omitted).

Meanwhile, in Villecco v. Vail Resorts, Inc., the Tenth Circuit determined that the plaintiff greatly interfered "with the judicial process by failing to provide the court with a current mailing address or an address that he regularly checked; respond to discovery requests; appear at his deposition; list any fact witnesses or otherwise comply with the court's Initial Pretrial Order, or respond to the Defendants' Motion to Dismiss." 707 F. App'x 531, 533 (10th Cir. 2017); see also Banks v. Katzenmeyer, 680 F. App'x 721, 724 (10th Cir. 2017) ("[H]e did not (1) respond to the order to show cause or (2) notify the court of his change of address as required by the local

4

rules, even though his past actions show he was aware of the requirement."); Taylor v. Safeway, Inc., 116 F. App'x 976, 977 (10th Cir. 2004) (dismissing under Ehrenhaus because "judicial process essentially ground to a halt when [Plaintiff] refused to respond to either the defendant[s'] filings] or the district court's orders"); Killen v. Reed & Carnick, No. 95-4196, 1997 WL 8866, at *1 (10th Cir. Jan. 9, 1997) ("Plaintiffs' willful failure to comply with the orders of the district court 'flouted the court's authority,' and interfered with the judicial process." (citation omitted)). "[F]ailure to respond to court orders cannot be ignored." Davis v. Miller, 571 F.3d 1058, 1062 (10th Cir. 2009).

Similarly, Mr. Colucci's failure to prosecute this case—by (a) not responding to orders requiring him to explain whether the filing fee had been paid and (b) not updating his address— necessarily interferes with the effective administration of justice. The issue here "is respect for the judicial process and the law." See Cosby v. Meadors, 351 F.3d 1324, 1326–27 (10th Cir. 2003). Mr. Colucci's failure to comply with court orders and keep in touch with the court disrespects the court and the judicial process. His neglect has caused the court and staff to spend unnecessary time and effort. The court's frequent review of the docket and preparation of orders to move this case along have increased the court's workload and diverted its attention from other matters in which parties have met their duties and deserve prompt resolution of their issues. "This order is a perfect example, demonstrating the substantial time and expense required to perform the legal research, analysis, and writing to craft this document." Lynn v. Roberts, No. 01-cv-3422-MLB, 2006 WL 2850273, at *7 (D. Kan. Oct. 4, 2006).

This factor weighs toward dismissal. See Kalkhorst v. Medtronic, Inc., No. 18-cv-580-KLM, 2018 WL 6697072, at *3 (D. Colo. Dec. 19, 2018); see also Estate of Strong v. City

5

of Northglen, No. 1:17-cv-1276-WJM-SKC, 2018 WL 6589813, at *4 (D. Colo. Dec. 14, 2018) (report & recommendation) ("It is hard to fathom how failing to respond to orders of the federal district court would not interfere with the judicial process.").

### C. Litigant's culpability

Proof of culpability may be drawn from a plaintiff's failure to be in touch with the court for long stretches, to update a plaintiff's address, and to respond to the court's order. See Villecco, 707 F. App'x at 534; see also Faircloth, 758 F. App'x at 662 (finding culpability when plaintiff was solely responsible for not updating address and responding to show-cause order); Stanko v. Davis, 335 F. App'x 744, 747 (10th Cir. 2009) ("For at least seven months, Stanko failed to follow this order. The district court ordered Stanko to show cause for this failure. Stanko made no effort to explain his failure regarding those seven months."); Theede v. U.S. Dep't of Labor, 172 F.3d 1262, 1265 (10th Cir. 1999) (finding plaintiff at fault for inability to receive court filings based on failure to notify court of correct address).

Earlier in this case, Mr. Colucci showed an ability to file a complaint and correspond with the court. (See ECF Nos. 1–2, 5–6.) But Mr. Colucci has now failed to respond to the court's order to show cause why this action should not be dismissed and has failed to provide the court with a forwarding address. (ECF Nos. 7–8.)

This factor weighs in favor of dismissal.

### D. Whether the court warned a noncomplying litigant that dismissal was a likely sanction

In Faircloth, the court twice warned the plaintiff that failure to comply could result in dismissal. Faircloth, 758 F. App'x at 662. On appeal, when the plaintiff argued he did not get these warnings, the Tenth Circuit stated: "But he could have received the warnings had he

6

complied with the local rule requiring him to update his address. Because he did not, the court's only option was to mail documents to him at his last known address. These mailings constituted effective service [under Fed. R. Civ. P. 5(b)(2)(C)]." Id.; see also O'Neil v. Burton Grp., 559 F. App'x 719, 722 (10th Cir. 2014) (affirming dismissal with prejudice for failure to appear especially after party was repeatedly warned of consequences).

Here, on May 21, 2025, the court cautioned Mr. Colucci that he had "thirty days to show cause why this action should not be dismissed …." (ECF No. 7.) Similarly, on April 7, 2025, the court warned Mr. Colucci that failure to pay the filing fee would result in case dismissal. (ECF No. 4.)

There can be no mistaking the court's intentions.

### E.    Efficacy of lesser sanctions

Also in Faircloth, the district court had decided that no lesser sanction than dismissal could be effective when "[t]he court had been unable to receive a response from Mr. Faircloth and had no way of learning where Mr. Faircloth was or when he would disclose his new address." 758 F. App'x at 662. Due to this uncertainty, "the court reasonably concluded that dismissal was necessary." Id.

And in Villecco, dismissal was approved when, "given Villecco's failure to communicate, to respond to any notices or the Motion to Dismiss, or to comply with any deadlines, the [district] court found no lesser sanction than dismissal would be effective." 707 F. App'x at 533. The Tenth Circuit said that "[a] lesser sanction would be ineffective because a stay would not have a 'real impact on [Plaintiff] in encouraging responsiveness.'" Id. at 535; see

7

also O'Neil v. Burton Grp., 559 F. App'x 719, 722 (10th Cir. 2014) ("[S]imply because lesser sanctions were available does not mean that the court was obligated to apply them.").

In yet another case, the Tenth Circuit stated that though "dismissal should be imposed only after careful exercise of judicial discretion," it

> is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules …. Dismissal of the [case] is a strong sanction to be sure, but it is no trifling matter for [a party] to abuse our office by disappearing and failing to meet our deadlines. The federal courts are not a playground for the petulant or absent-minded; our rules and orders exist, in part, to ensure that the administration of justice occurs in a manner that most efficiently utilizes limited judicial resources.

United States ex rel. Jimenez v. Health Net, Inc., 400 F.3d 853, 855, 856 (10th Cir. 2005).

It is true that, for a pro se party, "the court should carefully assess whether it might … impose some sanction other than dismissal, so that the party does not unknowingly lose its right of access to the courts because of a technical violation." Ehrenhaus, 965 F.2d at 920 n.3; see also Callahan v. Commc'n Graphics, Inc., 657 F. App'x 739, 743 (10th Cir. 2016) ("This Court has been beyond lenient with Plaintiff throughout these proceedings based on his pro se status." (citation omitted)).

Although dismissal is a drastic sanction, the Tenth Circuit has "repeatedly upheld dismissals in situations where the parties themselves neglected their cases or refused to obey court orders." Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Dismissal is warranted when there is a persistent failure to prosecute the complaint. See Meade v. Grubbs, 841 F.2d 1512, 1518 n.6, 1521–22 (10th Cir. 1988).

Applying these principles, the court concludes that no sanction less than dismissal would work here. Though Mr. Colucci is pro se, he is not excused from neglect. See Green, 969 F.2d

8

at 917. And Mr. Colucci has neglected this case so thoroughly that the court doubts monetary or evidentiary sanctions would be effective (even if such sanctions could be motivating for a pro se prisoner). "[I]t is apparent that Plaintiff is no longer interested in and/or capable of prosecuting his claims. Under these circumstances, no lesser sanction is warranted and dismissal is the appropriate result." Kalkhorst, 2018 WL 6697072, at *4.

## CONCLUSION

Having comprehensively analyzed the Ehrenhaus factors against the timeline and Mr. Colucci's lack of responsiveness, the court concludes that dismissal is appropriate.

It is therefore ORDERED that this action is DISMISSED without prejudice.

DATED this 25th day of June, 2025.

BY THE COURT:

_____
Tena Campbell
United States District Judge